**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAM PEREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. ELIOT SPEARMAN,<br><br>　　　　Respondent. | No.  2:19-CV-1223-KJM-DMC-P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At present, it does not appear that petitioner has satisfied his exhaustion requirements and the Court orders petitioner to show cause why this petition should not be dismissed.

## I. BACKGROUND

Petitioner, Sam Perez, was convicted of premeditated attempted murder, with attached sentencing enhancements for firearm use and gang affiliation. See ECF No. 14-2, pg. 1. On November 2015, the trial court sentenced petitioner to state prison for a term of 42 years to life. Id. Petitioner appealed his conviction to the Third Appellate District of the California Court of Appeal (Court of Appeal). On March 29, 2018, the Court of Appeal modified the judgment by striking the determinate term of ten years for the gang enhancement. Also, the life term for the

1  premeditated attempted murder was modified to include a minimum term of fifteen years. The
2  matter was remanded back to the trial court to consider exercising its discretion to strike or
3  dismiss the firearm enhancement. Id. at pgs. 18-19. Petitioner filed a petition for review in the
4  California Supreme Court, which was denied on July 11, 2018. See ECF No. 14-4.
5         On November 16, 2018, the Sacramento County Superior Court resentenced
6  petitioner to an indeterminate state prison term of forty years to life (fifteen years to life for
7  attempted premeditated murder plus twenty-five years to life for the firearm enhancement). See
8  ECF No. 14-5. On November 26, 2018, petitioner filed a notice of appeal of the resentencing. See
9  ECF No. 13-1, pg. 2. On July 2, 2019, the appeal was fully briefed and, while pending appellate
10 review, petitioner submitted a habeas petition before this Court, ECF No. 1. On May 13, 2020,
11 the Court of Appeal reaffirmed the trial court's resentencing[1]. See People v. Perez, No. C088426,
12 2020 Cal. App. Unpub. LEXIS 2971 (May 13, 2020).

## II. DISCUSSION

At present, it does not appear that petitioner has exhausted his state remedies.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[2] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest

---

[1]  The Court takes judicial notice of petitioner's resentencing appeal to the 3rd Appellate District of the California Court of Appeal, case number C088426, as reflected on the court's website. See USCS Fed Rules Evid R 201; see also Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of [digital] information, [that] was made publicly available by government entities [. . .]" and whose authenticity no party disputes).

[2]  Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

1  state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the
2  time the petitioner filed the habeas petition in federal court no state remedies are available to the
3  petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v.
4  Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional
5  requirement and the court may raise the issue sua sponte.  See Simmons v. Blodgett, 110 F.3d 39,
6  41 (9th Cir. 1997).

7  Regardless of whether the claim was raised on direct appeal or in a post-conviction
8  proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's
9  highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine
10 requires only the presentation of each federal claim to the highest state court, the claims must be
11 presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640
12 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by
13 the state courts on procedural grounds, where other state remedies are still available, does not
14 exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet,
15 640 F.2d at 237-89.[3]

16 Here, it does not appear that petitioner has satisfied the necessary exhaustion
17 requirements to warrant consideration of his current petition. First, petitioner has not provided the
18 highest state court with an opportunity to rule on the merits of the claim as is required. See
19 O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Gatlin v. Madding, 189 F.3d 882, 888
20 (9th Cir. 1999) (holding that California requires presentation of claim to California Supreme
21 Court through petition for discretionary review in order to exhaust state remedies). After the
22 California Supreme Court denied review of petitioner's initial conviction, the trial court
23 resentenced petition to a new prison term. See ECF No. 14-5. Petitioner appealed this
24 resentencing to the Court of Appeal and the trial court's decision was ultimately affirmed.
25 However, petitioner has not appealed his resentencing to the California Supreme Court.

---

[3] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

Second, it is unlikely petitioner can show that, at the time the petitioner filed the habeas petition in federal court, no state remedies were available. As discussed above, the current petition was submitted to the Court on July 2, 2019. However, at that time, petitioner was still seeking state appellate review of his resentencing. In fact, the petition was filed on the same day that petitioner's appeal became fully briefed and the Court of Appeal did not conclude its review until May 13, 2020. Thus, state-based remedies were very much available to petitioner at the time of filing his petition since he was actively engaged in them.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner show cause in writing, within 30 days of the date of this order, why his petition should not be dismissed for failure to exhaust state court remedies.  Petitioner is cautioned that failure to comply with this order may result in dismissal of the action for lack of prosecution.  See Local Rule 110.

Dated:  June 18, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE