**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAM PEREZ, | No. 2:19-CV-1223-KJM-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECCOMENDATIONS |
| M. ELIOT SPEARMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is respondent's unopposed motion to dismiss (ECF No. 13).

**I. BACKGROUND**

Petitioner, Sam Perez, was convicted of premeditated attempted murder, with attached sentencing enhancements for firearm use and gang affiliation. See ECF No. 14-2, pg. 1. On November 2015, the trial court sentenced petitioner to state prison for a term of 42 years to life. Id. Petitioner appealed his conviction to the California Court of Appeal. On March 29, 2018, the Court of Appeal modified the judgment by striking the determinate term of ten years for the gang enhancement. Also, the life term for the premeditated attempted murder was modified to include a minimum term of fifteen years. The matter was remanded back to the trial court to

1  consider exercising its discretion to strike or dismiss the firearm enhancement. Id. at pgs. 18-19.

2  Petitioner filed a petition for review in the California Supreme Court, which was denied on July

3  11, 2018. See ECF No. 14-4.

4  On November 16, 2018, the Sacramento County Superior Court resentenced

5  petitioner to an indeterminate state prison term of forty years to life (fifteen years to life for

6  attempted premeditated murder plus twenty-five years to life for the firearm enhancement). See

7  ECF No. 14-5. On November 26, 2018, petitioner filed a notice of appeal of the resentencing. See

8  ECF No. 13-1, pg. 2. On of July 2, 2019, the appeal was fully briefed and, while pending

9  appellate review, petitioner submitted a habeas petition before this Court, ECF No. 1.

10  On August 22, 2019, the Court directed respondent to file a response to the

11  petition. See ECF No. 8. On October 11, 2019, respondent submitted this motion to dismiss. See

12  ECF No. 13. Respondent seeks dismissal because, at the time of filing the motion, petitioner's

13  resentencing appeal was still pending. However, on May 13, 2020, the Court of Appeal

14  reaffirmed the trial court's resentencing[1]. See People v. Perez, No. C088426, 2020 Cal. App.

15  Unpub. LEXIS 2971 (May 13, 2020).

16

17  **II. DISCUSSION**

18  Respondent seeks dismissal of this action because, at the time of filing their

19  motion to dismiss, petitioner's resentencing appeal was still pending. Respondent argues that

20  under Younger v. Harris, 401 U.S. 37 (1971), " . . .basic principles of comity and federalism

21  require federal courts to abstain from interfering with pending state criminal proceedings." ECF

22  / / /

23  / / /

24  / / /

---

25  1.  The Court takes judicial notice of petitioner's resentencing appeal to the 3rd
26  Appellate District of the California Court of Appeal, case number C088426, as reflected on the
    court's website. See USCS Fed Rules Evid R 201; see also Daniels-Hall v. Nat'l Educ. Ass'n, 629
27  F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of [digital] information,
    [that] was made publicly available by government entities [. . .]" and whose authenticity no party
28  disputes).

2

No. 13, pg. 2. Specifically, respondent states that:

> Here, Petitioner has an appeal pending in the California Court of Appeal, and the State has an important interest in passing on and correcting any violations of a defendant's rights. See Roberts, 296 F. Supp. 2d at 1185 (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003)). Petitioner's pending state appeal may render his federal constitutional claims moot. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Roberts v. Dicarlo, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003); Theriault v. Lamb, 377 F. Supp. 186, 189-90 (D. Nev. 1974). If not, Petitioner is not barred from seeking federal review when the state proceedings are concluded. Roberts, 296 F. Supp. 2d at 1185-86. Petitioner has not made any showing of extraordinary circumstances indicating that he will suffer immediate and great irreparable harm if the Court abstains until after state post-conviction review is completed. Thus, it is appropriate for this Court to abstain.

ECF No. 13, pg. 3.

Under the Younger abstention doctrine, federal courts may not, absent extraordinary circumstances, stay or enjoin pending state criminal proceedings. See Younger, 401 U.S. at 45-46. Younger abstention is required if the state proceedings are (1) ongoing; (2) implicate important state interests; and (3) afford the plaintiff an adequate opportunity to raise the federal issue. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). However, as discussed above, the state proceeding at issue has concluded in the period since respondent submitted their motion to dismiss on October 11, 2019. On May 13, 2020, the Court of Appeal affirmed the judgement of the trial court's resentencing decision. See People v. Perez, No. C088426, 2020 Cal. App. Unpub. LEXIS 2971 (May 13, 2020). As of the date of these findings and recommendations, the Court is not aware of any other pending state proceeding on issues relating to petitioner's underlying conviction. Therefore, Younger abstention is not appropriate grounds for dismissal, as sought in the pending motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 18, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE